IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>AMANDA J. DAVIS,<br><br>        Defendant. | Case No. 21-00145-01-CR-W-BP |

## UNITED STATES' SENTENCING MEMORANDUM

### I. INTRODUCTION

The United States, by and through its undersigned counsel, respectfully submits this memorandum for the sentencing of defendant Amanda J. Davis. The sentencing hearing is scheduled for November 29, 2023, at 2:00 p.m., before the Honorable Beth Phillips, Chief United States District Judge for the Western District of Missouri. For the reasons set forth below, based on the factors listed in 18 U.S.C. § 3553(a), the Government respectfully recommends that the Court impose a sentence of probation for a term of five years and a within-Guidelines-range fine of $5,000.

### II. BACKGROUND

 A. **Procedural History**

On June 22, 2021, Amanda J. Davis (Davis) was charged in a one-count indictment with obstruction of justice, in violation 18 U.S.C. § 1519. (D.E. 1.) She was arraigned on the charges contained in the indictment on June 29, 2021. (D.E. 7.)

On July 7, 2023, Davis pleaded guilty pursuant to a written plea agreement to the single count. (D.E. 26, 27.)

### B. Factual Background

Davis worked as the Health and Behavioral Services Manager at the Jackson County, Missouri Detention Center (JCDC). (PSR ¶ 4.) In July 2020, Davis came under investigation by the Federal Bureau of Investigation on allegations of smuggling contraband items (cell phones) to two inmates at the JCDC. (PSR ¶¶ 5-7.) On July 28, 2020, she was taken into custody and her cellphone seized. (PSR ¶ 8.) Davis's attorney arrived at the Sheriff's Office to meet with Davis during which time the attorney asked if the officers would return Davis's cell phone to her so that she could retrieve a telephone number. (PSR ¶ 8.) The officers obliged. (PSR ¶ 8.) Davis used that opportunity to reset her cellular telephone. (PSR ¶¶ 8, 10.)

On August 10, 2020, Davis was interviewed by law enforcement authorities. (PSR ¶ 8.) During that interview, Davis admitted to resetting her cellular telephone on July 28, 2020. (PSR ¶ 10.)

### III. SENTENCING RECOMMENDATION

### A. Sentencing Guidelines Calculations

The lone remaining objection to the PSR does not affect the guideline calculations. (PSR Addendum) The parties agree that the total offense level is 11, Davis's criminal history category is I, and the advisory guideline sentencing range is imprisonment of between 8 to 14 months. (PSR ¶¶ 26, 31, 68.) The Guidelines range for the fine is $4,000 to $40,000. (PSR ¶ 78.) If Davis receives an anticipated adjustment under new § 4C1.1 and her applicable range is in Zone B of the Sentencing Table, a sentence other than a sentence of imprisonment is generally appropriate. (PSR ¶ 68.)

**Recommended Sentence of Probation and a Fine**

Although Davis faces a Guidelines range of 8 to 14 months of imprisonment, the United States, pursuant to the plea agreement, recommends that this Court sentence Davis to a term of probation of five years and a $5,000 fine. The Government recommends a downward variance in the form of a sentence of probation based on the § 3553(a) factors in this case.

**B.      Sentencing Considerations under 18 U.S.C. § 3553(a)**

    **1.      Nature and Circumstances of the Instant Offenses**

In evaluating "the nature and circumstances of the offense[s]," § 3553(a)(1), the Court should focus on the scope of the defendant's criminal conduct and the harm caused.

Davis committed a serious offense – she willfully obstructed the administration of justice with respect to an investigation of smuggled cellular telephones into a jail by destroying evidence that was material to an official investigation. Davis's smuggling of three cellular telephones had the effect of her sponsoring criminal activity and endangering the lives of inmates. She had been hired to assist inmates with their mental health, but instead made that environment more dangerous. This type of serious misconduct by a mental health professional undermines the integrity of health professionals and agencies entrusted to ensure the health and safety of the community. As a result, Davis should be held to a high standard at sentencing.

    **2.      The History and Characteristics of Davis**

A related factor that the Court must consider in imposing a sentence is "the history and characteristics of the defendant." The Court is required to consider the defendant's history and characteristics prior to imposing sentence. 18 U.S.C. § 3553(a)(1). To her credit, Davis does not have any contacts with the criminal justice system and has not been cited for any violations of her

3

Case 4:21-cr-00145-BP     Document 35     Filed 11/20/23     Page 3 of 6

pretrial supervision. (PSR ¶¶ 3, 27-34.) This is her first conviction of any kind. Her lack of criminal history makes her a candidate for an opportunity to rehabilitate while subject to probation. (PSR ¶ 68.) Moreover, she has been employed as a Behavioral Access Clinician through Saint Luke's Hospital in Smithville, Missouri, since 2020. (PSR ¶ 59.) Davis's history is a mitigating factor.

When confronted with her crime, she took active steps to rectify the harm she caused. Her efforts included meeting with law enforcement authorities and being candid in her admission to them when they interviewed her about her conduct in July 2020. For these reasons, the United States recommends a sentence of five years' probation combined with a $5,000 fine in this case.

### 3. The Need to Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence to Criminal Conduct, and to Protect the Public

Under 18 U.S.C. § 3553(a), the district court is required to consider, among other things, the need for the sentence to promote respect for the law, to reflect the seriousness of the offense, and to provide just punishment.

The Court is required to consider whether a particular sentence is necessary to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)(C). The Court is also required to consider what type of sentence is needed to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). Deterrence in this case is particularly important to prevent similar crimes from being committed by mental health professionals at the Jackson County Detention Center and detention centers within the Western District of Missouri. A guideline range fine in addition to a five-year term of probation are warranted in order to promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant,

4

and to afford both general deterrence (dissuade others from smuggling contraband into jails) and specific deterrence (dissuade Davis from committing future crimes).

**C.     Recommended Sentence for Monetary Penalties**

   **1.     <u>Fine</u>**

The statutory maximum fine that the Court may impose on the count of conviction is $250,000. For Davis, the guideline provisions provide for a fine range between $4,000 to $40,000. (PSR ¶ 78.)

Davis has been married for about three years, and does not have any children. (PSR ¶¶ 41-42.) Her spouse is a railroad worker. (PSR ¶ 41.) No individual is financially dependent on her. *See* 18 U.S.C. § 3572(a)(2). Davis has a Master of Social Work degree and a licensed social worker in both Missouri and Kansas. (PSR ¶¶ 56-57.) Davis has been operating a private practice in addition to her employment as a clinician at a hospital. (PSR ¶¶ 58-59.) Based on her net worth and her personal finances as set forth in the PSR, Davis is financially able to pay a fine. (PSR ¶¶ 6566.)

Because a fine will provide just punishment for the offense, the United States requests that this Court impose a Guidelines range fine of $5,000. *See* U.S.S.G. § 5E1.2(c)(3).

   **2.     <u>Special Assessment</u>**

Davis's plea agreement requires payment of $100 Special Assessment at the time of sentencing. (D.E. 27, at 11.)

**IV.  <u>THE GOVERNMENT'S SPECIFIC SENTENCING RECOMMENDATION</u>**

Defendant Amanda Davis readily accepted responsibility for her criminal conduct and did not engage in meritless litigation. Based on the seriousness of the offense, the need to provide just

punishment, and to afford adequate deterrence, the United States respectfully requests that the Court impose a term of five years of probation and fine her $5,000.

        Respectfully submitted,

        Teresa A. Moore
        United States Attorney

By:   */s/ Rudolph R. Rhodes IV*

        Rudolph R. Rhodes IV
        Assistant United States Attorney

        Charles Evans Whittaker Courthouse
        400 East Ninth Street, Room 5510
        Kansas City, Missouri 64106
        Telephone: (816) 426-3122

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on November 20, 2023, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

        */s/ Rudolph R. Rhodes IV*

        Rudolph R. Rhodes IV
        Assistant United States Attorney

6

Case 4:21-cr-00145-BP   Document 35   Filed 11/20/23   Page 6 of 6